IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60558
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARK ANTHONY MCCOY

Defendant - Appellant

--------------------
Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CR-5-ALL-D-D
--------------------
June 23, 2000

Before KING, Chief Judge, and SMITH and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Mark Anthony McCoy appeals the district court's denial of
his motion to suppress evidence (firearms and incriminating
statements) obtained during a warrantless search of his sister's
apartment while he was a visitor.  He contends that no exceptions
justified the warrantless search and that he was not advised of
his Miranda[**] rights prior to making incriminating statements.
He also appeals the district court's decision to admit evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] Miranda v. Arizona, 384 U.S. 436 (1966).

of a prior attempt to obtain a firearm. The district court ruled that McCoy did not have standing to challenge the search. The district court ruled that evidence of the attempt to obtain a firearm was admissible to show intent or absence of mistake or accident pursuant to Fed. R. Evid. 404(b).

McCoy has not shown that the district court clearly erred in determining that he did not have standing to challenge the search because he was not an overnight guest and did not have a reasonable expectation of privacy in his sister's apartment. See Minnesota v. Olson, 495 U.S. 91, 96-97 (1990). Even if McCoy had standing to challenge the search, the district court's ruling may be affirmed on the basis that both he and his sister consented to the search. See United States v. Davis, 749 F.2d 292, 294 (5th Cir. 1985) (warrantless search valid where conducted pursuant to consent); see also United States v. Tello, 9 F.3d 1119, 1128 (5th Cir. 1993) (court may affirm district court on any valid ground supported by the record).

McCoy has not shown that his statements should have been suppressed for lack of Miranda warnings, because a reasonable person in McCoy's position would not have understood the encounter in his sister's apartment to constitute a restraint on freedom of movement to the degree which the law associates with formal arrest. See United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir. 1988)(en banc).

McCoy has not shown that the district court abused its discretion in admitting evidence pursuant to Rule 404(b) because the evidence was relevant to McCoy's intent and there has been no

showing that its probative value was substantially outweighed by undue prejudice.  See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  McCoy has not shown that he was provided with unreasonable notice of the evidence.  See Fed. R. Evid. 404(b) (prosecution must provide "reasonable" notice of intended use of extrinsic evidence).

AFFIRMED.